IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| CARLO RODRIGUEZ, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.: |
| VS. | ) | |
| | ) | |
| MANSA HOSPITALITY, LLC | ) | JURY DEMANDED |
| DBA COURTYARD BY | ) | |
| MARRIOTT | ) | |
| | ) | |
| Defendant. | | |

## COMPLAINT

**COMES NOW** Plaintiff Carlo Rodriguez (hereinafter "Rodriguez" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against Mansa Hospitality, LLC dba Courtyard by Marriott (hereinafter "Mansa" or "Defendant") for damages and other legal and equitable relief for the Defendant's violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.*, ("FLSA") and other laws. In support thereof, the Plaintiff states the following:

### JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.* District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2. Venue and jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction in the Northern District of Alabama, and performs business, and employed the Plaintiff, at its hotel in Tuscaloosa County, in the Western Division of the Northern District of Alabama.

3. At all relevant times herein, the Defendant's business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4. At all relevant times herein, the Defendant employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

## PARTIES

5. Plaintiff Rodriguez is an adult, is nineteen (19) years of age or over, and is a resident of Oklahoma City, Oklahoma. Plaintiff performed work for the Defendant in Tuscaloosa County, which is in the Western Division of the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

6. Mansa Hospitality, LLC is an Alabama limited liability company that operates a Courtyard by Marriott hotel located in Northport, Alabama. Defendant has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7. At all times material to this action, the Defendant has been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

8. Mansa is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

9. At all times relative to this action, Defendant has had, and continues to have, an annual gross volume of sales made, or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

10. At all times relevant to this action, Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendant as defined by § 203(e)(1) of the FLSA. The Plaintiff worked for the Defendant within the territory of the United States within three years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

11. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

12. Plaintiff began working for Defendant on or about the first week of April 2023, and continued working full time until on or about May 18, 2023. Plaintiff worked full-time for Defendant during that entire period.

13. Plaintiff was hired as an "Operations Manager," which functionally was an assistant manager and worked six days a week for approximately 48 hours a week each week that he worked for Mansa.

14. In doing so, Plaintiff performed services for Mansa on computers and the telephone, including processing out-of-state residents' credit cards and other duties that were involved in interstate commerce, and communicated data and correspondence used for direct or direct interstate transmission.

15. The Plaintiff's work for the Defendant was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

16. For his first pay period, Plaintiff was paid an hourly rate, but did not receive time and a half pay for the hours that he worked over 40 in the workweeks for which he was paid in his first pay period.  For his second pay period, Plaintiff received as compensation a flat weekly rate that did not pay him time and a half pay

for the hours that he worked over 40 in the workweeks for which he was paid in his second pay period.

17. Defendant internally classified and paid Plaintiff as overtime exempt throughout his employment at Mansa.

18. Consistent with the Defendant's policy, pattern and/or practice, Plaintiff worked over 40 hours in one or more workweeks, but Plaintiff did not receive overtime premiums on one or more regularly scheduled pay dates within the relevant period for hours worked in excess of 40 in those workweeks.

19. The work that Plaintiff performed as his primary duty required manual labor and no capital investment.

20. The work that Plaintiff performed as part of his primary duty did not include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

21. Plaintiff's primary job duties were checking hotel guests in and out, answering phones, checking inventory and restocking, cleaning kitchen, covering bartending shifts, breakfast attendant shifts (which included making specialty Starbucks drinks, serving customers, as well as cashier duties), maintenance duties (which included patching leaks, flipping breakers, reattaching toilet seats, cleaning carpets from flooding, as well as other small maintenance duties), among other non-exempt duties.

22. Plaintiff's primary job duties did not always include:

   a. hiring;
   b. firing;
   c. disciplining other employees;
   d. determining scheduling;
   e. supervising and delegating; or
   f. exercising meaningful independent judgment and discretion.

23. Plaintiff's primary duties included duties that were manual in nature.

24. The performance of manual labor, included, but was not limited to, checking hotel guests in and out, answering phones, checking inventory and restocking, cleaning kitchen, covering bartending shifts, breakfast attendant shifts (which included making specialty Starbucks drinks, serving customers, as well as cashier duties), maintenance duties (which included patching leaks, flipping breakers, reattaching toilet seats, cleaning carpets from flooding, as well as other small maintenance duties), among other non-exempt duties.  Duties such as these listed herein occupied the majority of Plaintiff's working hours.

25. Despite the foregoing, Defendant classified, and paid Plaintiff, as an employee that was exempt from overtime compensation requirements of the FLSA, throughout the relevant period.

26. Defendant's conduct alleged herein was willful and/or in reckless disregard of the applicable wage and hour laws and was undertaken pursuant to Defendant's centralized, company-wide policy, pattern, and/or practice of attempting to minimize labor costs by not paying overtime premiums to Plaintiff.

27. Defendant knew that Plaintiff was not performing work that complied with any FLSA exemption and it acted willfully or recklessly in failing to classify Plaintiff as a non-exempt employee.

28. During the relevant period, Defendant was aware or should have been aware, through its management-level employees, that Plaintiff was primarily performing non-exempt duties.

29. During the relevant period, Defendant knew or recklessly disregarded the fact that the FLSA required it to pay employees primarily performing non-exempt duties an overtime premium for hours worked in excess of 40 per workweek.

30. These violations are known to the Defendant and were willful in nature.

31. As a result of the Defendant's practices, the Plaintiff worked every workweek during his employment without receiving legally required overtime.

## COUNT ONE
### FLSA Violations

32. The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

33. The Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay the Plaintiff at one-and-one-half the regular minimum wage hourly rate per hour for hours that he worked in excess of forty hours per week during the Plaintiffs' employment as described in this Complaint.

34. The Defendant's failure to pay the Plaintiff overtime pay is impermissible under the FLSA.

35. The Defendant has failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

36. The Defendant's willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

37. At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

38. None of the FLSA exemptions apply to the Plaintiff, who was, in reality, a non-exempt employee. Accordingly, the Plaintiff must be paid in accordance with the FLSA.

39. The Defendant's failure to accurately pay overtime was, and is, willfully perpetrated. The Defendant has not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

40. The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of their costs, attorneys' fees, and expenses incurred.

41. As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendant from the Plaintiff for which the Defendant is liable pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A. That the Court issue proper process to compel the Defendant to answer or otherwise plead to the allegations contained in this Complaint;

B. That this Court award the Plaintiff the amount of his unpaid wages including overtime wages, plus an additional equal amount as liquidated damages;

C. That this Court award the Plaintiff judgment against the Defendant for all applicable compensatory damages including lost wages, punitive damages, reasonable attorneys' fees, costs, disbursements, and interest;

D. For such other and further relief as this Court deems equitable, proper, and just.

Dated this 18th day of July, 2023.

Respectfully,

*S/David A. Hughes*
David A. Hughes (ASB 3923-U82D)
*Attorney for Plaintiff*
Hardin & Hughes, LLP
2121 14th Street

Tuscaloosa, Alabama 35401
Telephone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

### ADDRESS OF DEFENDANT'S REGISTERED AGENT FOR SERVICE OF PROCESS

Rupish Patel
2267 Butler Springs Lane
Hoover, AL 35226